UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs*. | ) | 2:11-cr-0002-JMS-CMM-1 |
| | ) | |
| SETH BRISSEY, | ) | |
|     *Defendant*. | ) | |

## ORDER ON DEFENDANT'S MOTION TO SUPPRESS

Presently pending before the Court is Defendant Seth Brissey's Motion to Suppress. [Dkt. 34.] Mr. Brissey challenges a warrantless search of his vehicle and of his person. For the reasons detailed herein, the Court **DENIES** Mr. Brissey's motion.

### I.
### BACKGROUND

On December 12, 2010, Deputy Cory Hutchins with the Parke County Sheriff's Office responded to a report of a suspicious vehicle parked at a church. [Dkt. 35-1 at 1.] He arrived at the church at approximately 8:35 a.m. and observed a blue Dodge pickup truck with a trailer containing an ATV. [*Id.*] The truck appeared to have recently been in an accident and had visible damage to the frame. [*Id.*]

Deputy Hutchins approached the driver's window and observed a man—later identified as Mr. Brissey—hunched over the driver's seat with his head resting on the steering wheel. [*Id.*] Deputy Hutchins knocked on the truck's window to get Mr. Brissey's attention, startling Mr. Brissey. [*Id.* at 2.] Instead of rolling down the window as asked, Mr. Brissey began making sudden movements inside the vehicle and appeared to grab various items. [*Id.*] Deputy Hutchins, fearing for his safety, asked Mr. Brissey to exit the vehicle and show his hands. [*Id.*] Instead of exiting the truck, Mr. Brissey continued to make sudden movements as if he was hid-

ing something or attempting to access something.  [*Id.*]  Deputy Hutchins observed that Mr. Brissey had several items in his hands and saw a package of rolling papers fall from Mr. Brissey's coat onto the floorboard of the truck.  [*Id.*]

Because Mr. Brissey failed to comply with Deputy Hutchins' instructions, and because of Mr. Brissey's suspicious behavior, Deputy Hutchins opened the door to the truck.  [*Id.*]  After opening the door, Deputy Hutchins detected the odor of raw marijuana coming from the vehicle.  [*Id.*]  Mr. Brissey exited the vehicle under his own power, and Deputy Hutchins saw that Mr. Brissey had a silver folding pocketknife in his right hand.  [*Id.*]  Deputy Hutchins placed Mr. Brissey against the side of the truck and instructed him to drop the items in his hands.  [*Id.*]  When he refused to comply, Deputy Hutchins forcibly removed the items from Mr. Brissey's hands, including a large purple lighter, a silver folding pocketknife, money, and keys, and placed them in the front seat of the vehicle.  [*Id.*]  Deputy Hutchins placed Mr. Brissey in handcuffs.  [*Id.*]

Deputy Hutchins conducted an exterior clothing pat down of Mr. Brissey for other weapons and felt a hard object in Mr. Brissey's left front pocket that felt similar to the butt of a gun.  [*Id.*]  Deputy Hutchins reached into the pocket to remove the item and discovered a second lighter and approximately $1,500.  [*Id.*]  Deputy Hutchins also felt an object in Mr. Brissey's left pants pocket that he identified as a bag containing a substance.  [*Id.* at 3.]  He asked Mr. Brissey how much marijuana he had in his pocket, and Mr. Brissey responded that he did not know.  [*Id.*]  Deputy Hutchins removed the item and discovered that it was a small bag of plant material that he identified as marijuana.

Deputy Hutchins placed Mr. Brissey in his patrol car and returned to Mr. Brissey's vehicle to retrieve the items he had removed from Mr. Brissey's hands.  [*Id.*]  He discovered that the

purple lighter contained a hidden compartment concealing a small plastic bag with a white powdery substance later identified as cocaine, a small plastic package containing a substance later identified as methamphetamine, and nine pills later identified as the drug commonly known as Xanax. [*Id.*]

Deputy Hutchins noticed that the raw marijuana smell had not dissipated despite the car door remaining open for approximately five minutes, so he searched the interior of the truck and found a large bag of plant material later identified as marijuana and a handgun located under the driver's seat. [*Id.*] The handgun had recently been reported as stolen. [*Id.*] Deputy Hutchins also determined that the license plate on the truck was false and that there was no license plate on the trailer. [*Id.*]

Mr. Brissey was indicted with being a felon in possession of a firearm contrary to 18 U.S.C. § 922(g). [Dkt. 1.]

## II.
### FOURTH AMENDMENT

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures. . . ." U.S. Const. amend. IV. Generally, a warrantless search or seizure in the absence of probable cause is unreasonable. *United States v. Slone*, 636 F.3d 845, 848-49 (7th Cir. 2011). When police conduct an unreasonable search or seizure, the exclusionary rule usually vindicates the Fourth Amendment's protections by keeping out the unlawfully obtained evidence. *Id.*

# III.
## DISCUSSION

Mr. Brissey argues that the warrantless search of his person and vehicle violated the Fourth and Fourteenth Amendments to the United States Constitution, requiring the evidence to be suppressed. He requests an evidentiary hearing.

### A. Mr. Brissey's Request for a Hearing

Mr. Brissey argues that he is entitled to a suppression hearing because the seizure at issue was the result of a warrantless search, which is *per se* unreasonable. [Dkt. 36 at 1.] The Government objects to the request for a hearing. [Dkt. 35 at 4.]

Evidentiary hearings are not required as a matter of course; instead, the Court only needs to conduct a hearing "when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion." *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004). The burden is on the party requesting the hearing to show that there are disputed issues of material fact that require an evidentiary hearing. *United States v. Greer*, 2004 U.S. Dist. LEXIS 20253, *3-5 (S.D. Ind. 2004) (citing *United States v. Rollins*, 862 F.2d 1282, 1291 (7th Cir. 1988)). The moving party cannot rely on vague, conclusory allegations. *United States v. Owens*, 2002 U.S. Dist. LEXIS 21979, *5-6 (S.D. Ind. May 3, 2002) (citing *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992)).

Mr. Brissey does not assert any disputed facts in his two-page motion. Instead, he contends, without support, that he is entitled to a hearing because the seizure was the result of a warrantless search. [Dkts. 34; 36 at 1.] This is insufficient to establish a dispute of material fact. Although Mr. Brissey takes issue on reply with the reasons Deputy Hutchins initiated the encounter and the scope of Deputy Hutchins' search, Mr. Brissey does not identify any disputes he

has with the factual allegations in Deputy Hutchins' affidavit. [Dkt. 36 at 2-3.] Therefore, the Court denies Mr. Brissey's request for an evidentiary hearing because a specific factual dispute has not been demonstrated.

**B. Initial Encounter**

Mr. Brissey "takes issue with the government's reliance upon the anonymous tip reporting only a 'suspicious' vehicle to justify the initiation of the *Terry* stop." [Dkt. 36 at 2.] Mr. Brissey does not develop this argument or cite case law supporting his assertion that the initial encounter was unlawful.

An officer does not need reasonable suspicion to attempt to engage an individual in a voluntary encounter. *United States v. Thornton*, 463 F.3d 693, 698 (7th Cir. 2006); *see also United States v. Hendricks*, 319 F.3d 993, 999 (7th Cir. 2004) ("Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen."). When an officer approaches a person in a confined space, such as a vehicle, "the appropriate inquiry is whether a reasonable person would feel free to decline the officers' request or otherwise terminate the encounter." *United States v. Adeyeye*, 359 F.3d 457, 461 (7th Cir. 2004). The test is an objective one and requires a consideration of the totality of the circumstances. *Id.* at 462. Factors indicating that a stop is a seizure and not voluntary include the presence of multiple officers, an officer displaying his weapon, an officer touching the suspect, or evidence that an officer's tone, language, or other action would communicate to the individual that he was seized. *Id.*

The undisputed evidence shows that Deputy Hutchins attempted to engage Mr. Brissey in a consensual encounter when he approached the parked vehicle. Deputy Hutchins was the only

officer present and there is no evidence that he displayed a weapon or used a tone, language, or other actions that would communicate to Mr. Brissey that he was seized. Because an objective view of the undisputed evidence leads to the conclusion that a reasonable person would have felt free to decline Deputy Hutchins' request or otherwise terminate the encounter, the initial encounter between Deputy Hutchins and Mr. Brissey was not a seizure. Therefore, the validity of the anonymous tip is irrelevant.

### C. Subsequent Search and Seizure

Mr. Brissey challenges Deputy Hutchins' decision to ask him to exit his vehicle, his subsequent pat-down search, the search of his vehicle, and the fact that he was placed in handcuffs and questioned before he received *Miranda* warnings. He does not cite any case law supporting any of these challenges.

Information gleaned from an initially consensual encounter may support a subsequent search or seizure. *Thornton*, 463 F.3d at 698. An officer is entitled to take reasonable steps to protect his own safety, including asking an occupant to exit a vehicle. *United States v. Hendricks*, 319 F.3d 993, 1004 (7th Cir. 2003). An officer need not be absolutely certain that an individual is armed; instead, the issue is whether a reasonably prudent man in the circumstances would be warranted in his belief that his safety or that of others is in danger. *United States v. Snow*, 656 F.3d 498, 501 (7th Cir. 2011). That assessment is made based on the totality of the circumstances. *Id.*

Mr. Brissey's furtive and suspicious actions after Deputy Hutchins asked him to roll down his window gave Deputy Hutchins a reasonable belief that his safety may have been in danger. Therefore, Deputy Hutchins was justified in asking Mr. Brissey to exit the vehicle. When Mr. Brissey failed to comply and continued to make furtive movements as though he were

reaching for or hiding something, Deputy Hutchins was justified in opening the door of the vehicle to again ask Mr. Brissey to exit so that he could determine if he had a weapon. Once Mr. Brissey exited the vehicle, Deputy Hutchins saw that he had a silver pocketknife in his hand. [Dkt. 35-1 at 2.] After Mr. Brissey refused to release the knife, Deputy Hutchins was justified in removing the knife from Mr. Brissey's possession, conducting a pat-down search, and handcuffing Mr. Brissey for his safety.

Although Mr. Brissey challenges Deputy Hutchins' search of his vehicle after he was detained, Mr. Brissey ignores the undisputed fact that Deputy Hutchins noted a strong smell of marijuana emanating from the vehicle. This gave Deputy Hutchins probable cause to search the vehicle independent of the other circumstances. *See United States v. Wimbush*, 337 F.3d 947, 950-51 (7th Cir. 2003) (smell of marijuana gives rise to probable cause for warrantless search of vehicle).

Finally, Mr. Brissey objects to Deputy Hutchins' decision to "question him without administering *Miranda* warnings." [Dkt. 36 at 2.] Though the precise questioning is not identified, the Court infers that Mr. Brissey is referring to Deputy Hutchins' question during the pat-down search inquiring how much marijuana he had in his possession. That argument fails because Mr. Brissey was not in custody during the pat-down search. *See United States v. Wyatt*, 179 F.3d 532, 536 (7th Cir. 1999) (holding that an individual subjected to a pat-down search was not in custody for purposes of *Miranda*). As no other specific questioning is identified, any other argument is waived. *United States v. Hassebrock*, 663 F.3d 906, 914 (7th Cir. 2011) ("We repeatedly have made clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).").

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **DENIES** Mr. Brissey's Motion to Suppress.

[Dkt. 34.]

04/20/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Gayle Helart
UNITED STATES ATTORNEY'S OFFICE
gayle.helart@usdoj.gov

Laura Paul
LAURA PAUL, PC
laura@laurapaul.net

Nicholas E. Surmacz
UNITED STATES ATTORNEY'S OFFICE
nicholas.surmacz@usdoj.gov